IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00265-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL EUGENE SIMPSON,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on multiple filings by defendant Michael Eugene Simpson.  In light of Mr. Simpson's pro se status, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

**I. ANALYSIS**

    **A.  Motion to Dismiss for the Want of Jurisdiction**

Mr. Simpson argues that this Court lacks subject matter jurisdiction over this case.  Docket No. 205 at 1.  Mr. Simpson has raised, and the Court has ruled on, this issue multiple times.  *See, e.g.*, Docket No. 168 at 1, 6; Docket No. 169 at 7.  Mr. Simpson's motion and supporting document entitled Affidavit of Facts [and] Writ of Discovery do not provide any legitimate basis for the Court to revisit its prior rulings.  Mr. Simpson's motion to dismiss for lack of jurisdiction [Docket No. 205] is therefore denied.  *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have

original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); *see also United States v. Tony*, 637 F.3d 1153, 1158 (10th Cir. 2011) ("18 U.S.C. § 3231 [is] the beginning and the end of the 'jurisdictional' inquiry" (quotations omitted)); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("[A]rticle I, section 8 of the United States Constitution . . . empowers Congress to create, define and punish crimes, irrespective of where they are committed.").

### B. Motion for New Trial Pursuant to Rule 33(b)(1)

Mr. Simpson argues that he is entitled to a new trial based upon newly discovered evidence, namely, an affidavit dated July 30, 2015 from Mr. Simpson's wife Jamee Davis, which states that the firearms found in Mr. Simpson's home belonged to her. Docket No. 206 at 1.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33(b)(1) states that a "motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." "Although a trial court is afforded discretion in ruling on such a motion, and is free to weigh the evidence and assess witness credibility, a motion for new trial is regarded with disfavor and should only be granted with great caution." *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999). Mr. Simpson has failed to establish that he is entitled to relief for two reasons. First, although Mr. Simpson's motion asserts that Ms. Davis' affidavit is new evidence, the information contained in Ms. Davis' affidavit, namely, Ms. Davis' assertion that the firearms at issue belonged to her, does not constitute newly discovered

evidence. As cohabitants in the house where the firearms and ammunition at issue were recovered, Mr. Simpson knew or had the means to learn prior to trial whether the firearms at issue in fact belonged to Ms. Davis. As Ms. Davis' affidavit indicates, she was prepared to testify to this fact at trial. Docket No. 206 at 3. Moreover, even taking as true Ms. Davis' statement that the firearms at issue belonged to her, such a fact is not a complete defense to an 18 U.S.C. § 922(g)(1) charge, which prohibits the possession – not the ownership – of a firearm. Thus, Mr. Simpson fails to establish that he is entitled to a new trial based upon newly discovered evidence.

    Second, notwithstanding his claim that Ms. Davis' affidavit constitutes newly discovered evidence, Mr. Simpson's motion, in essence, asserts that he is entitled to a new trial because his trial counsel was ineffective for failing to call Ms. Davis to testify that the firearms at issue were hers. Docket No. 206 at 1. Ms. Davis was on Mr. Simpson's witness list, Docket No. 124-1, but was not called to testify. Ms. Davis states that "Mr. Stuckey should have called on me as a key witness, (he was asked repeatedly by myself and Michael Eugene Simpson BEY to do so). As a result, important facts that would have been trial changing, were not brought to the jury's attention for this case." Docket No. 206 at 3. Ineffective assistance of counsel claims should generally be brought in collateral proceedings, not on direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995); *accord United States v. Battles*, 745 F.3d 436, 457 (10th Cir. 2014). Thus, criminal defendants alleging ineffective assistance of counsel must ordinarily "obtain a ruling by a district court on their argument by way of a motion pursuant to 28 U.S.C. § 2255." *United States v. Boigegrain*, 155 F.3d 1181, 1186 (10th Cir. 1998). Mr. Simpson has not established a compelling reason for the Court to

depart from the ordinary practice and decide his claim for ineffective assistance of counsel at this time. *Cf. United States v. Carbajal-Moreno*, 136 F. App'x 163, 165 (10th Cir. 2005) (unpublished) (holding that district court did not abuse its discretion in denying ineffective assistance of counsel claim based upon "longstanding precedent holding that ineffective assistance claims should be brought in collateral proceedings and not on direct review."); *United States v. Avelar*, 80 F.3d 430, 431 (10th Cir. 1996) (upholding district court's denial of motion for new trial based upon ineffective assistance of counsel claim that counsel was ineffective for failure to attend defendant's post-indictment meeting with law enforcement). Mr. Simpson's motion for a new trial is therefore denied.

### C.  Motion to Dismiss for No Legal Standing by Offering Party(ies)

Plaintiff's motion argues that this case should be dismissed because there "is no injured party in these charges. If there is no injured party there can be no criminal charge." Docket No. 207 at 1. Plaintiff is incorrect. Mr. Simpson was convicted of violating 18 U.S.C. § 922(g)(1), 21 U.S.C. § 841(a)(1), and 26 U.S.C. § 5861(d), none of which require the government to prove that the defendant's conduct caused injury to a third party. Thus, the indictment and superseding indictment were not deficient for failing to allege that Mr. Simpson's conduct caused injury to a third party. Mr. Simpson's memorandum of law in support of his motion does not provide any relevant legal authority to the contrary. Mr. Simpson's motion to dismiss for lack of standing will therefore be denied.

## II.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Mr. Simpson's Motion to Dismiss for the Want of Jurisdiction [Docket No. 205], Motion for New Trial Pursuant to Rule 33(b)(1) [Docket No. 206], and Motion to Dismiss for No Legal Standing by Offering Party(ies) [Docket No. 207] are **DENIED**.

DATED September 22, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge