IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00265-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL EUGENE SIMPSON,

    Defendant.

_____

**ORDER**
_____

    Movant, Michael Eugene Simpson, has filed a pro se Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 [Docket No. 291]. The United States filed a response. Docket No. 296. Mr. Simpson has also filed two motions to amend his § 2255 motion, Docket Nos. 297, 300, as well as filing the amended motions, Docket Nos. 298, 304.

    The Court construes Mr. Simpson's filings liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the § 2255 motion will be denied.

**I. PROCEDURAL HISTORY**

    On January 7, 2015, Mr. Simpson was charged with numerous narcotics and firearm offenses. Docket No. 84. After a jury trial, Mr. Simpson was found guilty on

thirteen counts. Docket No. 149 at 2. Mr. Simpson appealed his convictions to the Tenth Circuit. See *United States v. Simpson*, 845 F.3d 1039 (10th Cir. 2017). The Tenth Circuit affirmed Mr. Simpson's convictions for counts 1, 2, and 5 of the superseding indictment, but reversed Mr. Simpson's convictions on counts 3, 4, 7, 8, 9, 10, 11, 12, 13, and 14, each charging a violation of 18 U.S.C. § 922(g)(1), after holding that the jury instructions improperly defined the term "constructive possession." *Id.* at 1060-63; *see also* Docket 84 (superseding indictment). The Court resentenced Mr. Simpson to 216 months of imprisonment. Docket No. 283. Mr. Simpson appealed the Tenth Circuit's decision to the Supreme Court, which denied certiorari on October 2, 2017. See *Simpson v. United States*, 138 S. Ct. 140 (2017) (mem.).

## II. ANALYSIS

The Court will address Mr. Simpson's motions to amend before reaching the merits of Mr. Simpson's § 2255 motion.

### A. Motions to Amend

Mr. Simpson brings two motions to amend his habeas petition. The first seeks to add a claim that the length of his sentence is unconstitutional based on the alleged retroactive application of *Burrage v. United States*, 571 U.S. 204 (2014). Docket No. 297 at 1-2. The second motion seeks to add two claims. First, that his sentence was unconstitutionally increased as a result of the Supreme Court's decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017). Docket No. 300 at 1-2. Second, that his counsel failed to appeal his resentencing after being directed to do so. *Id.* Because both of Mr.

Simpson's motions are not timely and do not relate back to his ineffective assistance of counsel claims in his § 2255 motion, the Court denies Mr. Simpson's motions to amend.

"Pursuant to the provisions of Fed. R. Civ. P. 15(a)(2), a movant may file an amended § 2255 motion at any time during post-conviction proceedings with leave of court." *United States v. Roe*, 913 F.3d 1285, 1296 (10th Cir. 2019).  However, an amendment only relates back to the original pleading when "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Without a claim relating back, a motion under § 2255 must be brought within a year from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).

For untimely § 2255 amendments, those made outside of the one year window, a claim will only relate back if, "by way of additional facts, [the amendment] clarifies or amplifies a claim or theory in the original motion." *Roe*, 913 F.3d at 1296 (quoting *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)).  However, if the "proposed amendment . . . seek[s] to add a new claim or to insert a new theory into the case," it does not relate back to the original motion.  *Id.* (quoting *Espinoza-Saenz*, 235 F.3d at 505).  "[T]he operative question" for relation-back "is whether 'the original and amended [motions] state claims that are tied to a common core of operative facts.'" *Id.* at 1298 (quoting *United States v. Trent*, 884 F.3d 985, 992-93 (10th Cir. 2018)).  "The answer to that question will often turn on whether the newly asserted claim would have had to be pleaded as a discrete claim under Section 2255 Rule 2(b) if it was set out in the original § 2255 motion." *Id.*

The Supreme Court denied Mr. Simpson's petition for writ of certiorari on October 2, 2017. *See Simpson*, 138 S. Ct. at 140. As a result, his conviction became final on that date. *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). To fall within the one year window, any § 2255 motion or amendment must have been filed by October 2, 2018. Mr. Simpson's § 2255 motion was timely filed on September 4, 2018. *See* Docket No. 291. However, his two motions to amend were filed outside of the one year window; the first was filed on October 23, 2018[1], Docket No. 297, and the second was filed on June 17, 2019. Docket No. 300. Thus, to relate back to his original § 2255 motion, the amendment must not "add a new claim or [] insert a new theory into the case." *Roe*, 913 F.3d at 1296 (quoting *Espinoza-Saenz*, 235 F.3d at 505).

Both of Mr. Simpson's amendments add new claims and new theories. Mr. Simpson's § 2255 motion is based solely on claims of ineffective assistance of counsel at trial. Docket No. 291 at 12. The first amendment seeks to add a claim that his sentence was unconstitutionally enhanced based on *Burrage*. Docket No. 297 at 1-2. The second seeks to add a claim that the Court utilized improper factors to increase his sentence based on *Nelson* and that his counsel failed to appeal his resentencing. Docket No. 300 at 1-2. Each of these amendments are new theories that are separate from the ineffective assistance of counsel claims. Mr. Simpson would have been required to plead these theories separate from his ineffective assistance of counsel

---

[1] Mr. Simpson's first motion to amend was signed on October 15, 2018, although it was filed on October 23, 2018. *See* Docket No. 297. Either date is outside the one year limitations window.

claim in his original § 2255 motion. *See Roe*, 913 F.3d at 1298. Additionally, the facts necessary to prove the amended claims are entirely separate from the facts necessary to prove the ineffective assistance of counsel claims. *Id.* at 1299. A claim under *Burrage* would require facts regarding but-for causes of any deaths that might have resulted from the distribution of illicit substances. *See Burrage*, 571 U.S. at 218-19. A claim under *Nelson* would require facts regarding the convictions overturned by the Tenth Circuit and whether those overturned convictions were improperly used during sentencing. *See Nelson*, 137 S. Ct. At 1255-58. Finally, a claim regarding the failure to file the appeal requires facts about Mr. Simpson's counsel at resentencing, who was different than Mr. Simpson's counsel at trial. *See Roe*, 913 F.3d at 1298 (holding that the addition of a failure-to-consult claim does not relate back to a failure-to-file claim). The ineffective assistance of counsel claims rely entirely on the actions or inactions of Mr. Simpson's counsel at trial and are unrelated to the conduct at issue in Mr. Simpson's motions to amend.[2]

---

[2] It is also not clear that either *Burrage* or *Nelson* would offer Mr. Simpson relief. As to *Burrage*, Mr. Simpson argues that the Tenth Circuit and the Supreme Court have made that decision retroactive in a February 2018 decision. Docket No. 298 at 15-16. However, Mr. Simpson cites a District of Colorado case that does not discuss *Burrage*, *United States v. Antoine*, No. 17-cr-00134-CMA-02, 2018 WL 858734 (D. Colo. Feb. 14, 2018). The Court has not found a decision by the Supreme Court or the Tenth Circuit applying *Burrage* retroactively, although there is a circuit split on the issue. *See, e.g.*, *Dixon v. Warden of FCI Schuylkill*, 647 F. App'x 62, 64 (3d Cir. 2016) (not retroactive); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016) (retroactive). As to *Nelson*, the Tenth Circuit has foreclosed Mr. Simpson's argument. *See United States v. Burg*, 764 F. App'x 836, 837 (10th Cir. 2019) (unpublished). Moreover, both decisions, as well as the District of Colorado case, were decided before Mr. Simpson filed his § 2255 motion and, as a result, they do not make his amendments timely pursuant to § 2255(f)(3).

Because Mr. Simpson's amendments do not relate back to his original motion and fall outside the one year limitations period, the Court will deny Mr. Simpson's motions to amend.

### B. Ineffective Assistance of Counsel

Mr. Simpson brings four ineffective assistance of counsel claims. Docket No. 291 at 12. First, a claim based on an alleged failure to file a *Brady v. Maryland*, 373 U.S. 83 (1963), motion. *Id.* at 4-6. Second, two claims based on an alleged failure to call and interview a trial witness. *Id.* at 7-9. Third, a claim revolving around counsel's failure to resolve a conflict of interest. *Id.* at 9, 12.

As a general matter, to establish ineffective assistance of counsel, Mr. Simpson must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* Mr. Simpson bears the burden of overcoming this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.* "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Under the prejudice prong, Mr. Simpson also must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the

6

proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Harrington v. Richter*, 562 U.S. 86, 112 (2011) (stating that "[t]he likelihood of a different result must be substantial, not just conceivable"). In order for a defendant to make an ineffective assistance claim, he must identify the specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

As to Mr. Simpson's first claim, that his counsel was ineffective for failure to file a motion for a Brady violation, Docket No. 291 at 4-6, the Court finds no basis for the claim. Before trial, Mr. Simpson's attorney filed a motion for the Court to allow Mr. Simpson to conduct an independent examination of the "pole camera evidence and equipment." Docket No. 105 at 3. Defendant claimed that law enforcement officers had installed a pole camera outside his house on June 5, 2014 and video or photographs from the camera could verify whether an incident described by the confidential informant about Mr. Simpson running from his house on June 12, 2014 was true. The motion argued that information which contradicted the informant "should have been included in the affidavit in the support of the application for the search warrant" for Mr. Simpson's house. *Id.* The Court denied this motion at the April 3, 2015 trial preparation conference. Docket No. 139. The Court ruled that evidentiary value of the pole camera information was speculative and that there was no reason to believe that the existence of the pole camera was within the knowledge of the affiant to the

search warrant. Docket No. 250 at 5. The trial started on April 6, 2015. *See* Docket No. 141.

On appeal, Mr. Simpson argued that (1) the Court should have granted the motion for independent examination of the pole camera evidence and (2) the government's failure to provide the hard drive containing the pole camera information violated *Brady*. *See Simpson*, 845 F.3d at 1056-59. The Tenth Circuit rejected both arguments, holding that Mr. Simpson did not make a prima facie showing that the pole camera contained material evidence or that the hard drive contained any evidence that would have favored Mr. Simpson. *Id.*

It is not entirely clear what Mr. Simpson claims his attorney failed to do. As noted above, his counsel filed a motion to allow an independent investigation of the pole camera hard drive. That motion was denied. Moreover, the Tenth Circuit on appeal held that "the district court did not abuse its discretion in denying Mr. Simpson's discovery motion." *Simpson*, 845 F.3d at 1056-57. Thus, Mr. Simpson fails to demonstrate how his counsel was ineffective in filing Docket No. 105 and fails to explain what motion or argument his counsel should have made that either was not already made through Docket No. 105 or which was not ruled on by the Tenth Circuit.

Second, the Court finds that Mr. Simpson has failed to meet his burden that the trial would have been different had counsel interviewed or called Jamee Davis as a witness at trial. Mr. Simpson argues that Ms. Davis was a key witness with exculpatory testimony. Docket No. 291 at 7-9. An affidavit submitted by Ms. Davis states that the guns were hers and not Mr. Simpson's. Docket No. 290 at 6. Ms. Davis also states

8

that one of the "guns was found in my safe" and "another was in my truck." *Id.* In a motion for new trial, Mr. Simpson raised the issue of Ms. Davis's affidavit. Docket No. 206 at 1. The Court denied the motion, reasoning that the issue at trial was possession and not ownership. Docket No. 209 at 3. As a result, even if Ms. Davis testified regarding her ownership of the firearms, there is no "reasonable probability . . . [that] the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694, because such testimony does not relate to Mr. Simpson's possession of a firearm.

Furthermore, as the government points out, Mr. Simpson's convictions based on the firearms that Ms. Davis allegedly owned were overturned by the Tenth Circuit. Docket No. 296 at 7-8. The only counts that were affirmed were counts based on the possession of a Cobray 12 gauge shotgun. *Id.* (citing Docket No. 84 at 3). The shotgun was found by police in the garage, not in a safe or a truck, and an officer testified that Mr. Simpson held and tried to sell this shotgun a month before arrest. Docket No. 243 at 94-95. On appeal, the Tenth Circuit noted that there was no contradictory evidence regarding Mr. Simpson's possession of the shotgun. *See Simpson*, 845 F.3d at 1061. Therefore, even if ownership of the firearms was relevant, there is not a reasonable probability that the outcome would have been different had Ms. Davis testified because her testimony does not bear on Mr. Simpson's possession of the shotgun. As a result, Mr. Simpson has not met his burden based on the failure of counsel to investigate or call a witness at trial.

Finally, the Court finds that Mr. Simpson has not demonstrated that the alleged conflict of interest either (1) existed or (2) had an effect on the outcome of the trial. An

ineffective assistance of counsel claim based on a conflict of interest requires that (1) counsel represented actively conflicting interests and (2) the conflict of interest adversely affected counsel's performance. *Strickland*, 466 U.S. at 692; *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Furthermore, for there to be an actual conflict of interest, Mr. Simpson's counsel must have had "an interest in the outcome of the [] case . . . that is adverse to that of the defendant." *Hale v. Gibson*, 227 F.3d 1298, 1313 (10th Cir. 2000).

Mr. Simpson argues that there were "irreconcilable differences and conflict[] between the defendant and Counsel." Docket No. 291 at 10. Mr. Simpson states that his counsel's motion to withdraw, Docket No. 158, demonstrates that there was a conflict of interest. Docket No. 291 at 10. However, the attorney's motion to withdraw states only that Mr. Simpson wished to proceed pro se. Docket No. 158 at 1-2. Furthermore, at a hearing on Mr. Simpson's Motion to Proceed In Propria Persona, Sui Juris [Docket No. 156], Mr. Simpson stated that he had no issue with his current counsel acting as advisory counsel. Docket No. 247 at 19. Most importantly, Mr. Simpson has provided no evidence of any conflict of interest or that such conflict had an effect on the outcome of the trial. Without a showing on either, Mr. Simpson cannot succeed on a claim based on a conflict of interest.

### III. CONCLUSION

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if

the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

Wherefore, it is

**ORDERED** that Mr. Simpson's Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 [Docket No. 291] is **DENIED**. It is further

**ORDERED** that Mr. Simpson's Request for Permission to Amend [Docket No. 297] is **DENIED**. It is further

**ORDERED** that Mr Simpson's Request to Stay and to Amend [Docket No. 300] is **DENIED**. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.

DATED August 11, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge