IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00265-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL EUGENE SIMPSON,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Defendant Simpson's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 320]. The government has filed a response opposing the motion. Docket No. 333.

**I. BACKGROUND**

After a jury trial and appeal, Mr. Simpson was found guilty of (1) knowingly and intentionally possessing with an intent to distribute a mixture and substance containing cocaine in violation of 21 U.S.C. § 846(a)(1) and (b)(1)(c) ("Count 1"); (2) possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1) ("Count 2"); and (3) possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) ("Count 3"). *See* Docket No. 283 at 1-2. On April 28, 2017, the Court sentenced defendant to 216 months imprisonment as to Count 1 and 120 months on Counts 2 and 5, to run concurrently to Count 1. *See* Docket No. 282 at 2. Mr. Simpson is currently incarcerated at USP Lewisburg in Lewisburg, Pennsylvania. *See* Docket

No. 320 at 1-2.  Mr. Simpson has served approximately 43% of his sentence, with good time credits included.  *Id.* at 1.

On February 21, 2021, Mr. Simpson filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which he supplemented on April 20, 2021.  *See* Docket Nos. 320, 337.  Mr. Simpson represents that his body mass index of 34.3, in combination with his asthma, his race, and COVID-19 procedures at USP Lewisburg result in him being at a higher risk of severe complications from COVID-19.  Docket No. 320 at 6.  Mr. Simpson thus requests that the Court grant him compassionate release from the remainder of his prison sentence and modify his term of imprisonment to time served.  *Id.* at 1.

## II. ANALYSIS

Under § 3582(c)(1)(A)(i), known as the "compassionate release" provision, "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  That requirement is satisfied here.  Mr. Simpson made a written request for compassionate release on October 6, 2020, which was denied on

October 16, 2020. *See* Docket No. 320 at 3. Mr. Simpson appealed that decision and has yet to receive an answer regarding his appeal. *See id.* Accordingly, his February 21, 2021 motion is timely.

There are three prerequisites to granting compassionate release. First, a district court must determine whether there are extraordinary and compelling reasons to warrant a sentence reduction. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Second, a district court must determine whether the reduction is consistent with "applicable" policy statements issued by the Sentencing Commission. *Id.* Third, a district court should consider whether any reduction authorized by steps one and two is warranted under the § 3553(a) factors. *Id.* A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release. *Id.*

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not "applicable" under the First Step Act when a motion is brought by a defendant. *See McGee*, 992 F.3d at 1050. Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release. *See id.* (reasoning that, because the guidelines are not "applicable" they "cannot constrain district courts' discretion" (citation omitted)). However, a court may conclude that the application notes to U.S.S.G. §1B1.13 "still provide[] the best definition and description of 'extraordinary and

compelling reasons.'" *United States v. Carr*, – F. App'x –, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (unpublished).

"The existence of the COVID-19 pandemic no doubt can be described as extraordinary insofar as it is beyond what is usual, customary, regular, or common." *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (citations, alterations, and quotations omitted). "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release."). Mr. Simpson represents that he is obese and has asthma. Docket No. 320 at 11, 13. While these factors may, in the appropriate circumstances, be considered extraordinary and compelling reasons for granting release, an analysis of the § 3553(a) factors demonstrates that Mr. Simpson is not eligible for compassionate release. *See McGee*, 992 F.3d at 1043 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites . . . is lacking and do not need to address the others." (citation and quotations omitted)).

Sections 3553(a)(2)(A) and (B) require the Court to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense, [and] to afford adequate deterrence to criminal conduct." Mr. Simpson's crimes were serious. In addition to firearms and ammunition being found at Mr. Simpson's home, Mr. Simpson was in possession of narcotics. *See* Docket No. 253 at 44-45. The crimes were also dangerous, with Mr.

4

Simpson being in possession of several types of weapons. *Id.* at 46. Moreover, as the Court found, Mr. Simpson is a career offender. *Id.* at 45. He has been convicted of various drug and weapon offenses since his early 20s. *See* Docket No. 195 at 7-10. He committed the instant offenses while under a criminal justice sentence from Denver District Court. *See id.* As the Court has noted previously, the handling and knowing possession of the weapons escalated his previous criminal conduct and justified the upper range of Mr. Simpson's sentence. Docket No. 253 at 46. Given his criminal history, Mr. Simpson poses a high risk to recidivate if released, and the length of Mr. Simpson's sentence demonstrates the seriousness of his offenses. But, even though Mr. Simpson's crimes justified his lengthy sentence, he has still not served half of his sentence when taking into account good time credits.

Mr. Simpson argues that he has had good behavior while incarcerated and has taken many courses to better himself, in addition to maintaining a close relationship with his family. *See* Docket No. 320 at 17-18. Mr. Simpson is to be commended for that. However, the Court finds that, given the nature of the offenses, Mr. Simpson's career offender status, and the relatively short length of time he has served, releasing him would not reflect the seriousness of his crimes, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct. Accordingly, Mr. Simpson's motion will be denied.

## III. CONCLUSION

For the foregoing reasons, it is

5

**ORDERED** Defendant Simpson's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 320] is **DENIED**.

DATED June 2, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge