IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00265-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL EUGENE SIMPSON,

    Defendant.
_____

**ORDER**
_____

    This matter is before the Court on Defendant Simpson's Motion Pursuant to "18 U.S.C. § 3582(c)(1)(A)" for Compassionate Release Under Extraordinary and Compelling Circumstances [Docket No. 352], Status on Second Motion for Compassionate Release [Docket No. 358], Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) Compassionate Release or Reduction in Sentence [Docket No. 359], and Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) Compassionate Release or Reduction in Sentence [Docket No. 360].  The government has filed a response opposing Mr. Simpson's Motion Pursuant to "18 U.S.C. § 3582(c)(1)(A)" for Compassionate Release Under Extraordinary and Compelling Circumstances.  Docket No. 356.

**I.  BACKGROUND**

    After a jury trial and appeal, Mr. Simpson was found guilty of (1) knowingly and intentionally possessing with an intent to distribute a mixture and substance containing

cocaine in violation of 21 U.S.C. §§ 846(a)(1) and (b)(1)(c) ("Count 1"); (2) possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1) ("Count 2"); and (3) possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) ("Count 5").  See Docket No. 283 at 1–2.  On April 28, 2017, the Court sentenced defendant to 216 months imprisonment as to Count 1 and 120 months on Counts 2 and 5, to run concurrently to Count 1.  See Docket No. 282 at 2.

On September 4, 2018, Mr. Simpson filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255.  Docket No. 291.  The Court denied Mr. Simpson's motion on August 11, 2020, Docket No. 308, which was affirmed by the Tenth Circuit on December 27, 2021.  Docket No. 349.

On February 21, 2021, Mr. Simpson filed his first motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which he supplemented on April 20, 2021.  See Docket Nos. 320, 337.  After analyzing the § 3553(a) factors, the Court determined that Mr. Simpson was not eligible for compassionate release because he failed to present extraordinary and compelling reasons for granting release.  Docket No. 340 at 4–5.  The Court therefore denied Mr. Simpson's motion.  Id. at 6.

On April 4, 2022, Mr. Simpson filed a second motion for compassionate release (the "April 4 motion").  Docket No. 352.  He requested a status on his motion on May 8, 2023.  Docket No. 358.  Mr. Simpson filed two additional motions for compassionate release on November 20, 2023 (the "November 20 motions").  Docket Nos. 359, 360.

In the April 4 motion, Mr. Simpson makes the same arguments regarding the risks he faces from COVID-19 as he did in his first motion for compassionate release. See Docket No. 352 at 2–8; Docket No. 320 at 6 (asserting that because of his weight,

2

asthma, race, and prison conditions, Mr. Simpson faces a higher risk from COVID-19). Mr. Simpson also argues that he was improperly sentenced in light of the Supreme Court's subsequent ruling in *Borden v. United States*, 593 U.S. 420 (2021). Docket No. 352 at 12. Specifically, Mr. Simpson claims that the Court improperly enhanced his sentence for reckless endangerment during flight because the Supreme Court has determined that enhancements cannot be based on reckless conduct. *Id.* at 9–11. In the November 20 motions, Mr. Simpson further argues that, in light of the Supreme Court's recent holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), his conviction under § 922(g)(1) for being a felon in possession of a gun is unconstitutional because Mr. Simpson has a constitutional right to keep and bear arms. Docket No. 359 at 4–8; Docket No. 360 at 7–13. Finally, Mr. Simpson also "urges the court to consider other factors surrounding his case in determining whether extraordinary and compelling reasons exist for a sentencing reduction: (1) pretrial negotiation and trial penalty; (2) status points for being in state probation; and (3) rehabilitation." Docket No. 360 at 13.

## II. ANALYSIS

Under § 3582(c)(1)(A)(i), known as the "compassionate release" provision, "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). A district court may grant a sentence reduction upon motion of the defendant only "after the

3

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  As the Court noted in its June 2, 2021 order, Mr. Simpson has satisfied this requirement in regard to his initial compassionate release motion. Docket No. 340 at 2.  However, courts generally agree that "[s]uccessive compassionate release motions must independently satisfy the exhaustion requirement."  *United States v. Cain*, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (collecting cases).  Here, the Court has no basis to conclude that Mr. Simpson exhausted his administrative remedies before filing his April 4, 2022 or November 20, 2023 motions.  In the alternative, as explained below, the Court would still deny Mr. Simpson's motions even if he had exhausted his administrative remedies.

There are three prerequisites to granting compassionate release.  First, a district court must determine whether there are extraordinary and compelling reasons to warrant a sentence reduction.  *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Second, a district court must determine whether the reduction is consistent with "applicable" policy statements issued by the Sentencing Commission.  *Id.*  Third, a district court should consider whether any reduction authorized by steps one and two is warranted under the § 3553(a) factors.  *Id.*  A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release.  *Id.*

The Tenth Circuit has recently clarified that a district court cannot rule on a compassionate release motion when it is being used to circumvent the statutory limits

on collateral attacks to a prisoner's sentence under § 2255. *United States v. Roberson*, 2024 WL 631594, at *2 (10th Cir. Feb. 15, 2024) ("We hold that the district court erred in ruling on Mr. Roberson's motion pursuant to § 3582(c)(1)(A)(i) because the court was required to treat the motion as filed under § 2255."). As the court explained, when a federal prisoner asserts a claim that, if true, would mean that the sentence was imposed in violation of the Constitution or laws of the United States or is otherwise subject to collateral attack, the prisoner is bringing a claim governed by § 2255. *Id.* (citation and quotations omitted). In such a case, the district court must apply § 2255, including the statutory restraints imposed by § 2255, such as timing, the content of the motion, and the grounds on which one can bring additional motions. *Id.* (citation and quotations omitted). "Thus, a prisoner challenging his conviction or sentence cannot avoid § 2255 and its limitations by seeking relief under § 3582(c)(1)(A)(i) instead." *Id.* (citation omitted).

Section 2255 states that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals" and must contain the "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). In the absence of such authorization, the district court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1250–51 (10th Cir. 2008) (per curiam).

Mr. Simpson challenges his sentence based on the Supreme Court's recent holdings in *Borden* and *Bruen*. Docket No. 352 at 12; Docket No. 360 at 7–13. Thus, to the extent Mr. Simpson seeks compassionate release on these grounds, his motions

5

are made pursuant to § 2255. Mr. Simpson has previously filed a § 2255 motion, the denial of which has been affirmed by the Tenth Circuit. Docket No. 349. Mr. Simpson does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2255 motion. Therefore, the Court must either dismiss Mr. Simpson's successive § 2255 motions for lack of jurisdiction or, if it is in the interest of justice, transfer the matters to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252. In order to present a meritorious successive claim, a federal prisoner must demonstrate the claim is based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

In determining whether Mr. Simpson's *Bruen* claims are likely to have merit, the Court applies Tenth Circuit precedent. *Vincent v. Garland*, 80 F.4th 1197, 1199 (10th Cir. 2023) ("The district court [i]s obligated to apply our precedent"). Recently, the Tenth Circuit has "conclude[d] that *Bruen* did not indisputably and pellucidly abrogate our precedential opinion in *McCane*," which upheld the constitutionality of § 922(g). *Id.*

6

1202.  As such, the Court finds that Mr. Simpson's claims likely lack merit, and therefore the interests of justice do not require the Court to transfer these matters.  The Court will dismiss Mr. Simpson's November 20 motions.  Although Mr. Simpson also challenges his sentence based on the Supreme Court's holding in *Borden*, *Borden* is not a new rule of constitutional law.  Rather, *Borden* addressed statutory matters under the Armed Career Criminal Act.  *See Borden*, 593 U.S. at 423–45.  Therefore, the Court will dismiss those portions of the April 4 motion that rely on Mr. Simpson's *Borden* arguments.

To the extent that Mr. Simpson's April 4 motion seeks compassionate release based on the risks he faces from COVID-19, Mr. Simpson has failed to establish that there are extraordinary and compelling circumstances that would merit his release.  Mr. Simpson states that "Covid-19 is still a persistent risk," and that "more information has come to light about the growing number of persons who are becoming infected despite getting vaccinated."  Docket No. 352 at 3.  He argues that "[t]he current existence and future likelihood of new viral strains is one of several reasons why vaccination does not dimmish the extraordinary and compelling reasons presented by Mr. Simpon['s] medical conditions."  *Id.*  However, in its June 2, 2021 order, the Court determined that Mr. Simpson's medical conditions did not present extraordinary and compelling reasons for his release.  Docket No. 340 at 2–6.  Mr. Simpson has failed to demonstrate any new circumstances that should alter the Court's determination that Mr. Simpson is ineligible for compassionate release.  Therefore, the Court will deny those portions of the April 4 motion that seek compassionate release based on the risks Mr. Simpson faces from COVID-19.

7

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court denies a certificate of appealability because Mr. Simpson has not made a substantial showing of the denial of a constitutional right.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Michael Eugene Simpson's Motion Pursuant to "18 U.S.C. § 3582(c)(1)(A)" for Compassionate Release Under Extraordinary and Compelling Circumstances [Docket No. 352] is **DENIED for failure to exhaust** and, in the alternative, the portion based on the risks of COVID-19 is **DENIED** and that the portion based on *Borden*, construed as a motion brought pursuant to 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**. It is further

**ORDERED** defendant Simpson's Status on Second Motion for Compassionate Release [Docket No. 358] is **DENIED as moot**. It is further

**ORDERED** defendant Simpson's Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) Compassionate Release or Reduction in Sentence [Docket No. 359] is **DENIED for failure to exhaust** and, in the alternative, the portion construing the motion as a motion

8

brought pursuant to 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**. It is further

**ORDERED** defendant Simpson's Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) Compassionate Release or Reduction in Sentence [Docket No. 360] is **DENIED for failure to exhaust** and, in the alternative, the portion construing the motion as a motion brought pursuant to 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

DATED January 5, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge