IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00265-PAB-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MICHAEL EUGENE SIMPSON,

     Defendant.

---

**ORDER**

---

This matter comes before the Court on defendant's Motion for Reduction in Sentence [Docket No. 366].

## I. BACKGROUND

On April 9, 2015, defendant Michael Eugene Simpson was found guilty by jury trial of 13 drug and firearm related offenses. Docket No. 150. The Court sentenced Mr. Simpson to serve an overall sentence of 240 months. Docket No. 222 at 2. Mr. Simpson appealed, and the Tenth Circuit reversed all but three of his convictions. Docket No. 275 at 1. The government did not re-try Mr. Simpson, Docket No. 268, and Mr. Simpson was resentenced on his remaining three convictions on April 28, 2017. Docket No. 282. Those convictions were for (1) possessing a controlled substance with the intent to distribute it, under 21 U.S.C. § 841(a)(1); (2) possessing a firearm as a prohibited person, under 18 U.S.C. § 922(g)(1); and (3) possessing an unregistered firearm, under 26 U.S.C. § 5861(d). Docket No. 283 at 1-2. The Court lowered Mr. Simpson's original sentence by 24 months, for a total sentence of 216 months, followed

by three years of supervised release.  Docket No. 282 at 2.  When resentencing Mr. Simpson, the Court noted that he has done "a tremendous job" regarding his post-conviction conduct.  Docket No. 366-2 at 45.  Mr. Simpson is currently housed at a halfway house under the supervision of Bureau of Prison's Residential Reentry Management ("RRM") Office in Phoenix, Arizona.  *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/.  Mr. Simpson has a projected release date of December 27, 2028.  *Id.*

On April 27, 2026, Mr. Simpson filed the present motion seeking a reduction in his sentence.  Docket No. 366.  Mr. Simpson asks that his sentence be reduced to time-served and that he be released to begin his term of supervision.  *Id.* at 2.  The government does not oppose Mr. Simpson's request.  *Id.* n.1; Docket No. 372.

Mr. Simpson seeks an early release so that he may transition to supervision in Colorado, near his immediate family.  Docket No. 366 at 2.  Mr. Simpson has maintained close ties to his family throughout his incarceration, and has parented his children to the best of his ability.  *Id.* at 6, 12.  Mr. Simpson plans to live with his family when he moves to Colorado.  *Id.* at 15.

## II.  LEGAL STANDARD

Generally, a court may not modify a term of imprisonment once it has been imposed.  *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c)(1)(A).  However, 18 U.S.C. § 3582(c)(1)(A)(i), known as the "compassionate release" provision, allows a court to modify a sentence in certain circumstances.  Under that provision, "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy

statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

However, a district court may grant a sentence reduction only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "[T]he exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it." *United States v. Gieswein*, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) (unpublished); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (unpublished). The defendant has the burden to prove that she exhausted her administrative remedies under § 3582(c)(1)(A). *United States v. Segura*, 2023 WL 3934663, at *1 (D.N.M. June 9, 2023) (citing *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021)).

### III.  ANALYSIS

Here, as the government does not oppose the motion, it has not invoked the exhaustion requirement. Thus, the exhaustion requirement is not a mandatory claim-processing rule in this case. *Gieswein*, 2021 WL 4852420, at *2 n.2. Nevertheless, the Court finds that Mr. Simpson has exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A), as more than 30 days have passed since he submitted a request for compassionate release to the Warden at FCI Jesup and the Interim Manager at RRM Phoenix on February 27, 2026. Docket No. 366 at 7; Docket No. 368 at 3.

### A. Extraordinary and Compelling Reasons Warranting Release

Mr. Simpson contends that, due to a change in the law, his sentencing guidelines range would be substantially lower if he were sentenced today, which constitutes an extraordinary and compelling reason for compassionate release.  Docket No. 366 at 7-8.  The Sentencing Commission has identified the following as an extraordinary and compelling reason that may warrant compassionate release:

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).  Mr. Simpson was classified as a career criminal under U.S.S.G. § 4B1.1(b) due to two past convictions of controlled substance offenses.  Docket No. 195 at 11; Docket No. 275 at 2-3.  When a defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense, he is categorized as a career offender and his sentencing guidelines range increases.  U.S.S.G. § 4B1.1(a)-(b).  Additionally, Mr. Simpson's base offense level was set at 26 due to his two prior convictions.  Docket No. 275 at 2.

One of Mr. Simpson's past convictions was a drug conviction from 2006 under Colo. Rev. Stat. § 18-18-405(1).  Docket No. 368 at 54-55.  At the time Mr. Simpson was sentenced, Colo. Rev. Stat. § 18-18-405(1) was treated as a controlled substance offense under the guidelines.  *See* Docket No. 195 at 6; Docket No. 275 at 2.  But after Mr. Simpson was resentenced, the Tenth Circuit held that a conviction under § 18-18-405(1) is not a controlled substances offense under the guidelines because it

4

"criminalizes a broader range of conduct than that included in" the sentencing guideline's definition of a controlled substance offense. *United States v. McKibbon*, 878 F.3d 967, 972 (10th Cir. 2017). Thus, Mr. Simpson explains that, "[i]f Mr. Simpson were sentenced today—without the career offender enhancement or any offense level enhancement from his prior Colorado conviction—then his total offense level would drop from 34 to 30, *see* U.S.S.G. § 2K2.1(a)(3) (2016), and his criminal history category would drop from six to five. That would lower his guidelines range from 262-327 months to 151-188 months. U.S.S.G., Ch. 5 Pt. A (sentencing table). In other words, the *bottom* of his old range is over six years longer than the *top* of his new range." Docket No. 366 at 9. Thus, the Court finds that the change in the law produced "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed." U.S.S.G. § 1B1.13(b)(6).

Furthermore, Mr. Simpson argues, and the government does not dispute, that he is serving an unusually long sentence. Docket No. 366 at 9-10. Because of the disparity between the sentencing guidelines at the time of Mr. Simpson's resentencing and the sentencing guidelines if calculated today, the Court agrees, and finds that Mr. Simpson is serving an unusually long sentence. Mr. Simpson has also already served 142 months, or nearly 12 years, of his 216-month sentence[1]—well over the 10-year requirement set out in U.S.S.G. § 1B1.13(b)(6). Thus, the Court finds that the change in the law following *McKibbon* represents an extraordinary and compelling reason under § 1B1.13(b)(6).

---

[1] Notably, Mr. Simpson is scheduled to complete his 216-month sentence approximately three and a half years early due to good time and First Step Act relief. Docket No. 368 at 32-34; *see also* Docket No. 366 at 10 n.3.

Mr. Simpson contends that his "significant dedication to rehabilitation while incarcerated is also an extraordinary and compelling reason meriting a reduced sentence to time served."  Docket No. 366 at 11.  Rehabilitation, by itself, is not an extraordinary and compelling reason to grant a reduced sentence.  U.S.S.G. § 1B1.13(d).  However, rehabilitation can be considered alongside other extraordinary and compelling reasons.  U.S.S.G. § 1B1.13(b)(5); *see also United States v. Duluc-Méndez*, 156 F.4th 55, 61 (1st Cir. 2025) (stating that rehabilitation can be combined with other factors to establish an extraordinary and compelling reason).  Mr. Simpson notes that this factor weighs in favor of a reduced sentence because, while incarcerated, Mr. Simpson received his General Educational Development ("GED"), put thousands of hours into the Heating, Ventilation, and Air Conditioning ("HVAC") apprenticeship program, had regular work assignments, and consistently kept in touch with his family.  Docket No. 366 at 11-12.  Moreover, Mr. Simpson has submitted numerous letters of support from his family, friends, and case manager indicating that he has changed for the better because of the programs he participated in while incarcerated.  Docket No. 368 at 46-52.  The Court finds that there are extraordinary and compelling reasons warranting compassionate release.

### B. Section 3553(a) Factors

Even if an inmate has demonstrated that extraordinary and compelling reasons exist warranting release, under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must consider whether compassionate release is appropriate in light of the sentencing factors set out in 18 U.S.C. § 3553(a).  These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). The Court finds that, considering these factors, compassionate release is appropriate.

Mr. Simpson's crimes of conviction—possessing a controlled substance with the intent to distribute it, possessing a firearm as a prohibited person, and possessing an unregistered firearm—are serious crimes. Mr. Simpson concedes as much. Docket No. 366 at 13. Mr. Simpson, however, has already served 142 months of his sentence. When factoring in the reductions in Mr. Simpson's sentence for good time and First Step Act relief, this is equivalent to a nearly 15-year sentence. *Id.* at 10 n.3. Moreover, as explained above, Mr. Simpson's sentence was enhanced due to his 2006 conviction, which would not be the case if he were sentenced today. Section 3553(a)(6) asks the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). And Mr. Simpson will still be required to serve a term of supervised release under his proposed reduction in sentence. Docket No. 366 at 14. Thus, the Court finds that the time Mr. Simpson has served adequately reflects the nature and seriousness of the offense, promotes respect for the law, and provides adequate deterrence.

The Court finds that Mr. Simpson does not pose a danger to the safety of any other person or to the community. Mr. Simpson's case manager states that he has "maintained clear conduct since his arrival at FCI Jesup" and that he "seems to have a good support system awaiting his return at home." Docket No. 368 at 46. Mr. Simpson

has made a consistent effort to stay connected to his family.  Docket No. 366 at 12.  Mr. Simpson has been classified by the Bureau of Prisons as having a low risk of recidivism.  Docket No. 368 at 7.  The Court finds that, based on these facts, Mr. Simpson does not pose a danger to the safety of others upon release.

Accordingly, the Court finds that the § 3553(a) sentencing factors demonstrate that compassionate release, in light of the extraordinary and compelling circumstances, is appropriate.  The Court will therefore grant Mr. Simpson's motion.

## IV.  CONCLUSION

It is therefore

**ORDERED** that defendant's Motion for Reduction in Sentence [Docket No. 366] is **GRANTED**.  It is further

**ORDERED** that the previously imposed custodial sentence is hereby reduced to time served.  It is further

**ORDERED** that this order for release is stayed for up to 10 days to allow the Bureau of Prisons to make appropriate travel arrangements and to ensure the defendant's safe release and transition.  If more than 10 days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the government may file a motion to extend the stay.  It is further

**ORDERED** that all terms and conditions of supervised release imposed as part of Mr. Simpson's re-sentencing, Docket No. 283, remain in full force and effect.

DATED May 21, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge